UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CEDRIC SPEARS (#352089)

VERSUS                                                CIVIL ACTION

JAMES LEBLANC, ET AL                                  NUMBER 14-727-SDD-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 8, 2015.

                                     STEPHEN C. RIEDLINGER
                                     UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CEDRIC SPEARS (#352089)

VERSUS                                              CIVIL ACTION

JAMES LEBLANC, ET AL                                NUMBER 14-727-SDD-SCR

## **SUPPLEMENTAL MAGISTRATE JUDGE'S REPORT**

On December 8, 2014, a Magistrate Judge's Report was issued recommending that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Cedric Spears be dismissed, without prejudice, for failure to exhaust state remedies.[1] Petitioner filed a timely objection to the Magistrate Judge's Report.[2]

On December 29, 2014, the petitioner filed an another Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, which the clerk of court docketed as an amended § 2254 petition.[3] Petitioner changed his response to the question in paragraph 10, now stating that he has not previously filed any other petitions, applications or motions concerning the judgment or conviction in state court. (In the original petition he stated in

---

[1] Record document number 4.

[2] Record document number 5, Written Objection to the Proposed Findings of Fact.

[3] Record document number 6.

response to the same question that he filed an application for a Writ of Mandamus in the Louisiana Supreme Court on October 20, 2014 and that it is "still pending.")  However, in the Statement of Facts filed with the amended petition, the petitioner confirmed that he did file a Writ of Mandamus in the Louisiana Supreme Court on October 14, 2014, complaining that the Louisiana First Circuit Court of Appeal failed to conduct a patent error review.[4] Plaintiff asserted that the writ application has been pending 63 days as of the date of his amended petition, and asked that he be given an evidentiary hearing as a matter of due process and fundamental fairness.

Petitioner did not argue that he exhausted available state court remedies before he filed his original petition, nor that has done so since then.  Rather, the petitioner essentially argued that he should be granted a hearing on his petition because the Louisiana Supreme Court is taking too long to render a decision on his writ application.

For the reasons set forth in the magistrate judge's report issued on December 8, 2014, as supplemented herein, the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, as amended, should be dismissed without prejudice, for failure to exhaust available state court remedies.

---

[4] Record document number 6, p. 8 (Statement of Facts, p. 3).

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Cedric Spears, as amended, be dismissed, without prejudice, for failure to exhaust state remedies.

It is further recommended that a certificate of appealability be denied for the reasons set forth herein.

Baton Rouge, Louisiana, January 8, 2015.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE